# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| GRAMERCY DISTRESSED OPPORTUNITY FUND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PDV HOLDING, INC.,<br><br>Defendant. | [Removed from the District Court of Harris County, Texas, 333rd Judicial District, Cause No. 2024-47814]<br><br>Civ. Action No. 4:24-cv-02981 |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF GRAMERCY DISTRESSED OPPORTUNITY FUND, LLC AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant PDV Holding, Inc. ("PDV Holding" or "Defendant"), hereby removes this action from the District Court of Harris County, Texas, 333rd Judicial District, where it is pending as Cause No. 2024-47814, to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In accordance with 28 U.S.C. § 1446(a), a copy of the Original Petition and Citation filed in the action are attached hereto as Exhibit A. A copy of the state court docket is attached hereto as Exhibit B. The grounds for removal are as follows:

**I.     Introduction**

1. Plaintiff commenced this civil judgment enforcement action on July 29, 2024, in the District Court of Harris County, Texas against PDV Holding, the indirect parent company of CITGO Petroleum Corporation. Original Pet. ("Pet." or "Complaint"), *Gramercy Distressed Opportunity Fund, LLC v. PDV Holding, Inc.* ("*Gramercy v. PDV Holding*"), Cause No. 2024-47814, July 29, 2024 (Harris Cnty. Dist. Ct.). Plaintiff holds two judgments issued by the United States District Court for the District of Columbia recognizing and enforcing final arbitration awards issued under the auspices of the International Centre for Settlement of Investment Disputes against the Bolivarian Republic of Venezuela. Pet. ¶¶ 14–16. The Complaint alleges that the judgments are enforceable against PDV Holding because PDV Holding is the alter ego of Petróleos de Venezuela, S.A., the national oil company of Venezuela. *E.g.*, Pet. ¶ 11.

2. As explained in more detail below, this action is removable pursuant to 28 U.S.C. § 1441(a), because this is an action over which this Court has original federal question and diversity jurisdiction, and this is the district and division embracing the place where the action is pending.

3. PDV Holding has not yet been served with the Complaint, which was filed fewer than thirty days ago. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

4.      Written notice of the filing of this notice of removal will be served on Plaintiff as listed in the Certificate of Service below, and Defendant will promptly file a copy of this notice with the clerk of the District Court of Harris County utilizing the court's electronic filing service.

5.      By filing this Notice of Removal, Defendant does not intend to and does not waive any defenses, objections, or arguments available to it under the law. Defendant reserves the right to amend or supplement this Notice of Removal.

**II.     This Court Has Original Federal Question Jurisdiction**

6.      28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This action is removable because this Court has original federal question jurisdiction under 28 U.S.C. § 1331, and this is the district and division embracing the place where the action is pending.

7.      Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has held that suits apparently alleging only state-law causes of action nevertheless "arise under" federal law for

purposes of section 1331 if the "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Bd. Of Comm'rs of Se. La. Flood Prot. Auth.—East v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721–22 (5th Cir. 2017) (stating that jurisdiction under the *Grable* rule "exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities" (internal quotation marks omitted)). Applying this test "calls for a common-sense accommodation of judgment to the kaleidoscopic situations that present a federal issue." *Grable*, 545 U.S. at 313.

8. Plaintiff's causes of action, as pleaded, expressly raise disputed and substantial federal issues, adjudication of which by this Court would not disturb any congressionally approved balance of federal and state judicial responsibilities.

9. Among other things, Plaintiff's judgments are against Venezuela—not PDVSA or PDV Holding. Plaintiff seeks to execute by piercing the veil between PDVSA and PDV Holding. *See* Pet. ¶ 101 ("Plaintiff … seeks a judicial declaration under Texas Civ. Prac. & Rem. Code § 37.004 that (i) PDVH is an alter ego of

4

PDVSA and (ii) that as an alter ego PDVSA, PDVH is liable to Plaintiffs for the full amount of the Judgments."). But that isn't enough for its theory of recovery to succeed. Because Plaintiff's debtor is *Venezuela*, it must also pierce the veil between PDVSA and Venezuela to recover against PDV Holding's assets. To attempt to do so, the Complaint expressly alleges that, under the doctrine of collateral estoppel, PDV Holding is bound on this issue by decisions of the Third Circuit and District of Delaware that addressed the relationship between Venezuela and PDVSA. Pet. ¶ 57 ("[T]he Third Circuit twice affirmed [] that PDVSA is Venezuela's alter ego."); *id.* ¶ 59 ("PDVH is bound by the decisions of the Delaware District Court and the Third Circuit, regarding the alter ego relationship between PDVSA and Venezuela, as a matter of collateral estoppel.")[1]

10. Under Texas law, whose choice-of-law principles govern in this action pursuant to Federal Rule of Civil Procedure 69(a), "[t]he preclusive effect of a judgment must be determined according to the law of the jurisdiction issuing the initial judgment." *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 904 n.37 (Tex. Ct. App. 2004) (citing *Purcell v. Bellinger*, 940 S.W.2d 599, 601 (Tex. 1997)).

---

[1] Paragraphs 60–63 of the Petition do not seek to lay out a case for this Court to conclude that the veil between Venezuela and PDVSA should be pierced. Rather, those paragraphs refer back to Plaintiff's reliance on collateral estoppel for that proposition and merely claim that nothing has changed *since* the Third Circuit's decisions were issued. Plaintiff does not even ask the Court to make an alter ego finding between Venezuela and PDVSA, much less does it lay out the facts necessary to do.

11. Because the Third Circuit decisions Plaintiff cites were made by a federal court when determining whether PDVSA was Venezuela's alter ego for jurisdiction and immunity purposes under federal law (namely, the Foreign Sovereign Immunities Act), federal law governs whether the Third Circuit's finding on that issue has preclusive effect here, as applied to PDV Holding.[2]

12. The Complaint thus necessarily raises a substantial issue of federal law as to whether Venezuela's conduct can be imputed to PDVSA in this proceeding. Under the Complaint's theory of the case, Plaintiff's request for relief can *only* be granted if its invocation of collateral estoppel—a question of federal law—is proper.

13. The federal issue also is disputed: PDV Holding disputes that the Third Circuit's finding has preclusive effect here (including because PDV Holding was not a party to the Third Circuit cases).

### III. Original Diversity Jurisdiction Exists Under 28 U.S.C. § 1332

14. This action is also removable under 28 U.S.C. § 1441(a) because this Court has original diversity jurisdiction under 28 U.S.C. § 1332, and this is the district and division embracing the place where the action is pending.

15. Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

---

[2] Fifth Circuit precedent also holds that "[f]ederal law applies to the *res judicata* effect of a prior federal court judgment." *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997).

value of $75,000, exclusive of interest and costs, and is between … (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties." *Id.* § 1332(a).

16.     The matter in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks a declaratory judgment that PDV Holding "is liable to Plaintiffs for the full amount of the Judgments," which is approximately $537 million total. Pet. ¶ 16.

17.     On information and belief, there is also complete diversity of citizenship between the parties.

18.     Plaintiff is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Greenwich, Connecticut. Pet. ¶ 2.

19.     Under Fifth Circuit precedent, however, "the citizenship of a LLC is determined by the citizenship of all of its members," not of the state where it is organized. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

20.     Upon information and belief, and after a diligent investigation of publicly available sources of information revealed nothing to the contrary, all of the ultimate members of Plaintiff are citizens of States other than Delaware and Texas.

21.     Defendant PDV Holding is a citizen of Delaware and Texas under 28 U.S.C. § 1332(c)(1), because it is a Delaware corporation with its principal place of

business in Houston, Texas.

22. Thus, this is an action between citizens of different states.

23. Though PDVH is a citizen of Texas, the limitation on home-state defendant removal does not apply for two reasons. First, this action is not solely removable on diversity grounds, but also on federal question grounds; and second, PDV Holding has not yet been served with process. *See* 28 U.S.C. § 1441(a)(2) ("A civil action otherwise removable *solely* on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added)); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (until a home-state defendant has been served, "a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action"); *Mirman Grp., LLC v. Michaels Stores Procurement Co., Inc.*, No. 3:20-CV-1804-D, 2020 WL 5645217, at *1 (N.D. Tex. Sept. 22, 2020) (concluding that removal is permitted when the removing defendant, who is a citizen of the forum state, has not yet been served at the time of removal).

## **Conclusion**

WHEREFORE, Defendant removes the above-captioned action to this Court from the District Court for Harris County, Texas.

Dated: August 9, 2024

Respectfully submitted,

By: /s/ *Nathan P. Eimer*
Nathan P. Eimer
State Bar No. 24001478
S.D. Tex. No. 31213
Scott C. Solberg (*pro hac vice forthcoming*)
Daniel D. Birk (*pro hac vice forthcoming*)
James W. Joseph (*pro hac vice forthcoming*)
Gregory M. Schweizer (*pro hac vice forthcoming*)
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
dbirk@eimerstahl.com
jjoseph@eimerstahl.com
gschweizer@eimerstahl.com

*Attorneys for Defendant PDV Holding, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 9, 2024, the foregoing document was served on the following counsel of record via electronic filing, email, and certified mail, return receipt requested:

R. Paul Yetter
James E. Zucker
Casey Downing
Karla Maradiaga
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, TX 77002
Telephone: (713) 632-8000
pyetter@yettercoleman.com
jzucker@yettercoleman.com
cdowning@yettercoleman.com
kmaradiaga@yettercoleman.com

*Attorneys for Plaintiff*
*Gramercy Distressed Opportunity Fund, LLC*

*/s/ Nathan P. Eimer*
Nathan P. Eimer