UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GRAMERCY DISTRESSED OPPORTUNITY FUND, LLC,** § § § § § § § § § § § § § § § § § § | **[Removed from the District Court of Harris County, Texas, 333rd Judicial District, Cause No. 2024-47814]**<br><br>**CIVIL ACTION NO. 4:24-cv-02981** |
| *Plaintiff*, | |
| v. | |
| **PDV HOLDING, INC.,** | |
| *Defendant*, | |
| and | |
| **PETRÓLEOS DE VENEZUELA, S.A.,** | |
| *Intervenor*. | |

## SECOND NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF GRAMERCY DISTRESSED OPPORTUNITY FUND, LLC AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Intervenor Petróleos de Venezuela, S.A. ("PDVSA") hereby files this Second Notice of Removal of this action from the District Court of Harris County, Texas, 333rd Judicial District, where it was filed as Cause No. 2024-47814, to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1441(d), 1331, and 1446(b)(3). In accordance with 28 U.S.C. § 1446(a), a copy of the Original Petition and Citation ("Petition") in the action are attached hereto as Exhibit A-1 and Exhibit B, respectively.

For the Court's benefit, PDVSA files this Second Notice of Removal to bring to the Court's attention additional grounds for removal in light of Gramercy Distressed Opportunity

1

Fund, LLC's ("Plaintiff") Opposition to PDV Holding, Inc.'s Motion to Dismiss ("Opposition"), ECF No. 29, and Amended Complaint ("Amended Complaint"), ECF No. 47.

The grounds for removal are as follows:

## I.   INTRODUCTION AND PROCEDURAL HISTORY

1.      On July 29, 2024, Plaintiff initiated this civil action against PDV Holding, Inc. ("PDV Holding") in the District Court of Harris County, Texas. Original Pet., *Gramercy Distressed Opportunity Fund, LLC v. PDV Holding, Inc.* ("*Gramercy v. PDV Holding*"), No. 2024-47814 (Harris Cnty. Dist. Ct. July 29, 2024) ("Pet."). Central to its claim, Plaintiff holds two judgments against the Bolivarian Republic of Venezuela ("Venezuela"). Plaintiff now seeks to enforce these judgments not against Venezuela or its instrumentality, PDVSA, but against PDVSA's subsidiary, PDV Holding. Plaintiff alleges that PDV Holding owes the judgments issued against Venezuela because Venezuela is the alter ego of PDVSA, and PDVSA is the alter ego of PDV Holding.

2.      On August 9, 2024, before being served, PDV Holding removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Def.'s Notice of Removal, ECF No. 1. PDV Holding timely removed this action on federal question jurisdiction because Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law concerning federal collateral estoppel. *Id.*; *see also* Resp. in Opp. to Opposed Mot. to Remand at 3–9, ECF No. 34 (explaining federal question jurisdiction based on federal collateral estoppel). Written notice of the filing of the original Notice of Removal was served on Plaintiff as listed in the Certificate of Service, and PDV Holding promptly filed a copy of the Original Notice of Removal with the clerk of the District Court of Harris County utilizing the court's electronic filing service.

2

3. On August 30, 2024, PDV Holding filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Def's Mot. to Dismiss, ECF No. 15.

4. On September 16, 2024, Plaintiff filed a Motion to Remand this case to state court, which PDV Holding opposed. *See* Pl.'s Opposed Mot. to Remand, ECF No. 16; *see also* Resp. in Opp. to Opposed Mot. to Remand, ECF No. 34. After PDV Holding filed its opposition to remand, Plaintiff withdrew its Motion to Remand for unstated reasons. *See* Notice of Pl.'s Withdrawal, ECF No. 41.

5. On September 27, 2024, Plaintiff filed its Opposition to PDV Holding's Motion to Dismiss, conceding that "[t]he appropriate standard for determining the alter ego issue in this case arises from Delaware law." Pl's Opp'n to PDV Holding's Mot. to Dismiss at 1, ECF 29 ("Pl.'s Opp'n").

6. Notwithstanding this concession, Plaintiff asserted for the first time that "federal common law . . . *could* apply to the alter ego determination." *Id.* at 6 n.3 (emphasis added). Plaintiff also argued that even if federal common law applied, it had presented a plausible alter ego claim under the test articulated in *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba* (commonly known as *Bancec*).[1] Pl.'s Opp'n at 6 n.3.

7. Later that same day, PDVSA filed a motion to intervene in this action. Mot. to Intervene by PDVSA, ECF No. 33. On October 9, 2024, the Court granted the motion, thereby making PDVSA a party to this litigation. Not. of Pl. Grammercy's Non-Opposition, ECF No. 40; Order Granting Opposed Mot. to Intervene, ECF No. 45.

8. On October 16, 2024, Plaintiff filed its Amended Complaint, reasserting that Venezuela is the alter ego of PDVSA under *Bancec* and that PDVSA is the alter ego of PDV

---

[1] 462 U.S. 611 (1983).

3

Holding under Delaware law. Plaintiff also alleged that PDVSA is the alter ego of PDV Holding under *Bancec*, and asked the Court for a declaratory judgment of the same under 28 U.S.C. § 2201. Pl.'s Am. Compl. ¶¶ 175–94, ECF No. 47. ("Am. Compl."). Plaintiff further noted that "[t]his Court has jurisdiction over this action pursuant to 28 U.S.C. §1330(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a)." *Id.* ¶ 12.

9. Plaintiff also conceded in its Amended Complaint that PDV Holding's reason for removing this case to federal court, because Plaintiff relies upon federal law for a right to relief, raises a federal question. *See* Def.'s Notice of Removal; Am. Compl., ¶ 17 ("The preclusive effect of the Third Circuit's decision about whether PDVSA is an alter ego of Venezuela such that judgments against Venezuela can be enforced against PDV Holding as PDVSA's alter ego is a federal question.").

10. Intervenor PDVSA now submits this Second Notice of Removal under 28 U.S.C. §§ 1441(d), 1331, and 1446(b)(3) because (1) PDVSA is a foreign state and (2) Plaintiff asserted new claims that it contends are governed by federal common law. Intervenor PDVSA also joins PDV Holding's Notice of Removal. *See* Def.'s Notice of Removal; *see also* Am. Compl., ¶ 17.

## II. THIS ACTION IS REMOVABLE BECAUSE IT IS AN ACTION AGAINST A FOREIGN STATE

11. The action is removable under 28 U.S.C. § 1441(d), which allows for the removal of any action or proceeding against a foreign state as defined in 28 U.S.C. § 1603. 28 U.S.C. § 1441(d) ("Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States . . . ."). Under Section 1603(a), "foreign state" includes an agency or instrumentality of a foreign sovereign. *Id.* § 1603(a). In turn, an agency or instrumentality is an entity that (1) is a separate

legal person; (2) is part of a foreign state or has a majority of its shares owned by one; and (3) is not a U.S. citizen or created under the laws of another country. *Id.* § 1603(b).

12.     PDVSA is an instrumentality of a foreign sovereign within the meaning of Section 1603(b). Specifically, PDVSA: (1) is a separate capital stock corporation (sociedad anónima); (2) is organized under the laws of Venezuela, and is wholly owned by Venezuela; and (3) is not a citizen of a State of the United States.

13.     PDVSA thus qualifies as a "foreign state" within the meaning of Section 1603 and is entitled to remove this action pursuant to Section 1441(d).

### III.    THIS COURT HAS FEDERAL QUESTION JURISDICTION

14.     This action is also removable because the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, which confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A civil action "arises under" federal law when a plaintiff's well-pleaded complaint raises a federal issue. *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014).

15.     Plaintiff asserts causes of action that it contends arise under federal common law by asking the Court to make alter ego findings under *Bancec*. Am. Compl., ¶¶ 175–94. Although Plaintiff forfeited this argument by conceding that "[t]he appropriate standard for determining the alter ego issue in this case arises from Delaware law," its new allegations purport to raise federal questions. Pl.'s Opp'n at 1.

16.     The *Bancec* test—which only applies to foreign states and thus implicates U.S. foreign relations—falls within one of the narrow areas governed by federal common law. *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981) ("[F]ederal common law exists only in such narrow areas as those concerned with . . . international disputes implicating the

5

conflicting rights of States or our relations with foreign nations."). The Court therefore has original jurisdiction to adjudicate these claims, even if it later finds that the Plaintiff failed to state a claim or that the *Bancec* test did not apply. *See Coop. Benefit Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 328 (5th Cir. 2004) ("[T]he Supreme Court has made clear that federal question jurisdiction may exist over claims arising under federal common law.").

17. This action is also removable because Plaintiff's alter ego claims under Delaware law raise substantial and disputed questions under federal law. Am. Compl. ¶ 189. The Supreme Court and the Fifth Circuit have held that state-law claims may still raise a removable federal issue if the issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the congressionally approved balance between federal and state law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005); *see Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008); *see also Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721–22 (5th Cir. 2017).

18. <u>The federal issue is necessarily raised</u>. This Court must first resolve whether *Bancec* governs the alter ego claims before assessing the state-law claims. And if the Court were to find *Bancec* applicable, the Court must then determine whether Plaintiff has made out a plausible claim. *See* Am. Compl., ¶150; s*ee, e.g., Ogden*, 367 F.3d at 328.

19. <u>The federal issue is disputed</u>. Plaintiff alleges that federal common law applies to the alter ego inquiry, with Delaware law as an alternative, while PDVSA asserts that Delaware law should apply exclusively. Post-judgment proceedings like this one are governed by Federal Rule of Civil Procedure 69. Rule 69 requires the Court to apply Texas law, including Texas's choice-of-law rules. *See Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 (5th Cir. 2016)

6

(holding that state law supplies "the rule of decision" in judgment enforcement proceedings unless a federal statute applies). Under Texas law, Delaware law governs Plaintiff's request to pierce PDV Holding's corporate veil. *Bass v. J. Howard Bass & Assocs., Inc.* (*In re Bass*), No. 09–11451, 2011 WL 722384, at *8 (Bankr. W.D. Tex. Feb. 11, 2011) (In Texas, "[c]ourts are required to apply the law of the state of incorporation to corporate veil issues.").

20.     The federal issue is substantial. Under Fifth Circuit precedent, whether alter ego claims are exclusively governed by *Bancec*—even if the Court concludes otherwise—presents a substantial federal question. *Tenn. Gas Pipeline Co.*, 850 F.3d at 724 ("The Supreme Court has suggested that an issue can be important for many reasons: state adjudication might undermine the development of a uniform body of federal law; the case may present a nearly pure issue of law with implications for other federal cases; or resolving the issue may have broad significance for the federal government."). Actions against foreign states and their applicable legal standards "concern[ ] the foreign relations of the United States, and the primacy of federal concerns is evident." *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983).

21.     The federal issue is capable of resolution without disrupting the balance between federal and state courts. This case involves piercing the corporate veil between a foreign state and a domestic company, a type of dispute that is typically heard in, or removed to, federal court due to the involvement of foreign states, over which federal courts have original jurisdiction under 28 U.S.C. § 1441. Because these cases are typically heard in federal court, "there will be no 'enormous shift' of cases to the federal docket if this [case] gets shifted." *See Ibarra Consulting Eng'rs Inc. v. Jacobs Eng'g Grp. Inc.*, 579 F. Supp. 3d 850, 857 (N.D. Tex. 2022). Thus, there are no "threatening structural consequences" if this Court were to adjudicate this case. *Id.*

## IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A. This Removal is Timely.

22. PDVSA is filing this Second Notice of Removal within 30 days "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed *within 30 days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added)).

23. Plaintiff did not originally assert an alter ego claim under *Bancec* or allege that federal common law governs either of its causes of action. Instead, Plaintiff attempted to allege the elements of an alter ego claim under Texas law.[2] Because "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced," PDVSA believed that Plaintiff intended to pursue recovery under state alter ego law only. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

24. However, Plaintiff's Opposition and Amended Complaint have now revealed that Plaintiff's true intent was to defeat removal by concealing its eventual reliance upon federal law. Because Plaintiff first asserted that federal common law purportedly governed the alter ego claim in its Opposition, the Opposition constitutes an "other paper from which it [could] first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

---

[2] *Compare* Pet. ¶ 98 ("[PDV Holding] is organized and operated to function as a tool of PDVSA, and in turn Venezuela because PDVSA is the alter ego of Venezuela"), *id.* ¶ 99 ("[PDV Holding] and PDVSA are so united that they essentially function as one entity and holding only PDVSA or Venezuela accountable here would result in an injustice"), *and id.* ¶ 100 ("Venezuela and PDVSA used [PDV Holding] to perpetrate a fraud which directly benefited Venezuela"), *with Castleberry v. Branscum,* 721 S.W.2d 270, 272 (Tex. 1986) (describing partially superseded Texas common-law alter ego test, which requires a showing that "a corporation is organized and operated as a mere tool or business conduit of another corporation . . . [and] there is such unity between corporation and individual that the separateness of the corporation has ceased[,] and holding only the corporation liable would result in injustice") (quotation marks omitted), *and SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008) (noting that, in certain cases, Texas law now requires a showing that the alleged alter ego corporation was "used for the purpose of perpetrating and did perpetrate an actual fraud on [an] obligee primarily for the direct personal benefit of the holder, owner, subscriber, or affiliate.").

25. Plaintiff filed the Opposition on September 30, 2024, and PDVSA is filing this Second Notice of Removal within 30 days of that date.[3] *See* Pl.'s Opp'n at 19. Accordingly, the Second Notice of Removal is timely filed. 28 U.S.C. § 1446(b)(3); *Ashford v. Aeroframe Services, L.L.C.*, 96 F.4th 783, 794 (5th Cir. 2024) (holding that a defendant "may file a second removal petition 'when subsequent pleadings or events reveal a new and different ground for removal'") (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 493 (5th Cir. 1996)).

**B. Venue is Proper**

26. Venue is proper under 9 U.S.C. § 205 and 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Texas "embrac[es] the place where the [state] action or proceeding [was] pending."

**C. PDVSA has Filed and Served all Removal Papers.**

27. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being served on Plaintiff's and PDV Holding's counsel, and a Notice of Filing of Notice of Removal is being filed with the county clerk of the state court where this action was originally pending.

**CONCLUSION**

WHEREFORE, PDVSA removes the above-captioned action to this Court from the District Court for Harris County, Texas. PDVSA submits this Second Notice of Removal, without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to

---

[3] Removal under Section 1441 is also timely. 28 U.S.C. §1441(d). Under this Section, the action became removable the moment PDVSA became a party on October 9, 2024, and PDVSA files this notice within 30 days of that date. *F.D.I.C. v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) (concluding that for an intervenor, the 30-day removal clock begins running only once the intervenor becomes a party to the dispute).

any monetary or declaratory relief. PDVSA also joins PDV Holding's Notice of Removal. *See* Def.'s Notice of Removal.

Dated: October 25, 2024

                                             Respectfully submitted,

*/s/ Camilo Cardozo*
Camilo Cardozo (*Pro hac vice*)
New York State Bar No. 3984010
José Sánchez (*Pro hac vice*)
New York State Bar No. 4819082
Bo Gilbertson (*Pro hac vice*)
New York State Bar No. 5859012

VINSON & ELKINS L.L.P.
The Grace Building
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
(212) 237-0051
ccardozo@velaw.com
josesanchez@velaw.com
bgilberston@velaw.com

Matthew C. Hoffman
Texas State Bar No. 24068697
Andreina Escobar
Texas State Bar No. 24131797

VINSON & ELKINS L.L.P.
845 Texas Avenue
Suite 4700
Houston, TX 77002
(713) 758-2838
mhoffman@velaw.com
aescobar@velaw.com

*Attorneys for Intervenor*
*Petróleos de Venezuela, S.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, a true and correct copy of the foregoing document was electronically filed in compliance with Local Rule 5.1 and was served on all counsel who are deemed to have consented to electronic service, per Local Rule 5.1.

*/s/ Camilo Cardozo*
Camilo Cardozo